# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VAN HUGHES, | ) |
|         Plaintiff, | ) |
| v. | )     Case No. 18-2691-JAR-ADM |
| AMARR COMPANY d/b/a AMARR ENTREMATIC, | ) |
|         Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court on non-party Kansas Department of Labor's ("KDOL") objection (ECF No. 25) to the court's April 22, 2019 order (ECF No. 18). That order required the KDOL to produce unemployment records relating to plaintiff Van Hughes. For the reasons discussed below, the court overrules the KDOL's objection.

## I.   BACKGROUND

On April 15, 2019, defendant Amarr Company ("Amarr") filed a motion (ECF No. 16) requesting that the court order the KDOL to produce records concerning an unemployment claim filed by Mr. Hughes following the end of his employment with Amarr. After Mr. Hughes informed the court that he did not oppose Amarr's motion, the court found the requested documents were relevant and discoverable. On April 22, 2019, the court ordered the KDOL to produce responsive documents for inspection and copying. (*See* Order (ECF No. 18), at 1.) The court allowed the KDOL to (1) withhold from production any documents that are deliberative or conciliatory in nature or that are work product of a KDOL attorney; and (2) file objections to producing any other documents that the agency contended it has a legal basis not to produce. (*Id.*)

The KDOL filed an objection to producing the documents discussed in the court's April 22 order. The KDOL's objection argues that federal law requires it to keep the unemployment records the court ordered produced confidential. (*See* KDOL's Objection (ECF No. 25), at ¶¶ 2, 7.) The KDOL does not contend that the documents it is withholding are deliberative or conciliatory in nature, nor does the KDOL argue that they reflect the work product of a KDOL attorney.

## II. ANALYSIS

### A. Confidentiality of Unemployment Records

The United States Department of Labor requires that states keep unemployment compensation ("UC") information "which reveals the name or any identifying particular about any individual or any past or present employer or employing unit agencies" confidential. *See* 20 C.F.R. § 603.4. This confidentiality requirement is not without exceptions. Disclosure of UC information is permissible, for example, "in response to a court order . . . as specified in § 603.7(b)." *Id.* § 603.5(h). While § 603.7(a) generally requires a state agency to "file and diligently pursue a motion to quash" if it receives a subpoena or other compulsory process seeking UC information, § 603.7(b) allows the agency to automatically disclose UC information pursuant to a court order where "a well-established pattern of prior court decisions have required disclosures of this type."

### B. The KDOL's objection is without merit.

#### 1. Section 603.5 permits disclosure of the UC records.

The KDOL relies solely on the confidentiality requirement articulated in § 603.4 to justify its refusal to comply with the court's April 22 order. The records at issue, however, fall squarely within the court-order exception to the general confidentiality rule. *See id.* §§ 603.5(h); 603.7(b) (permitting disclosure of UC information "in response to a court order" where "a well-established pattern of prior court decisions have required disclosures of this type"). As the KDOL should

know, the court's April 22 order was part of a well-established pattern of prior orders in this District that have required the KDOL to produce unemployment documents relating to one or more parties in a case. *See, e.g.*, Order, *Meier v. Shawnee Mission Med. Ctr.*, No. 18-2368-JWL-KGS (D. Kan. Mar. 1, 2019), ECF No. 36; Order, *Mendoza v. Preco, Inc.*, No. 17-2565-DDC-GEB (D. Kan. May 4, 2018), ECF No. 29; Agreed Order, *McDaniel v. Allstate Ins. Co.*, No. 17-2427-JAR-GEB (D. Kan. Feb. 23, 2018), ECF No. 31; Agreed Order for Inspection and Reproduction of Kansas Department of Labor Records, *Odhuno v. Reed's Cove Health & Rehab., LLC*, No. 15-1347-EFM-GEB (D. Kan. Sept. 6, 2016), ECF No. 63; Agreed Order, *Guaetta v. Compass Grp. USA, Inc.*, No. 10-2487-JTM-KMH (D. Kan. Apr. 20, 2011), ECF No. 40; Order for Inspection and Reproduction of Records of Kansas Department of Labor, *White v. The Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM-GLR (D. Kan. Jan. 10, 2008), ECF No. 37.[1]

The KDOL's argument that the April 22 order was not a "court order" within the meaning of § 603.5(h) is without merit. The KDOL claims that the order was not a "court order" because the agency was not provided an opportunity to assert its confidentiality objection in response to Amarr's motion. (*See* KDOL's Reply (ECF No. 28), at 2.) Nothing in § 603.5(h) indicates that the term "court order" refers only to those orders entered by a court after an agency has opposed the initial motion. Indeed, § 603.5(h) references § 603.7(b), which specifically provides that an agency does *not* need to take action to avoid the disclosure of UC information where a court order

---

[1] The dockets in these cases do not reveal any indication that the KDOL objected to producing documents in accordance with these orders, including the order that was entered in the *Meier v. Shawnee Mission Medical Center* case less than two months prior to the court's April 22 order in this case.

is part of "a well-established pattern of prior court decisions" requiring disclosure. Federal law clearly permits the KDOL to disclose the UC records at issue pursuant to the April 22 order.

### 2. The UC records are not privileged.

The KDOL also argues that the UC records at issue are privileged against discovery under § 603.4. Because this is a federal question case, federal law governs claims of privilege. *See* FED. R. EVID. 501. The KDOL cites no case law in support of its claim that § 603.4 creates a privilege for UC records under federal law. Indeed, courts analyzing this issue have declined to recognize a new federal common law privilege applicable to UC records. *See, e.g.*, *Easter v. Beacon Tri-State Staffing, Inc.*, No. 2:17-CV-197, 2017 WL 5126153, at *3 (S.D. Ohio Oct. 17, 2017) (commenting that "every court considering the issue has . . . conclude[d] that no privilege for unemployment records should be recognized"); *A.G. v. Burroughs*, No. 3:13-CV-01051-AC, 2014 WL 1807110, at *7 (D. Or. May 7, 2014) (finding that the UC records sought were "non-privileged, relevant, and discoverable"). This court also finds no reason to recognize a new privilege for UC records, especially where federal law explicitly allows for disclosure pursuant to court order, as discussed above.

### 3. The KDOL's suggested alternative process is inadequate.

As a proposed "less intrusive process," the KDOL asks that the court order the parties to each fill out forms available on the agency's website to obtain the UC records at issue, rather than requiring the KDOL to produce the records pursuant to the April 22 order. (*See* KDOL's Reply (ECF No. 28), at 5.) The KDOL admits that, if the parties were to fill out these forms, it would not produce information furnished by Mr. Hughes to Amarr, or vice versa. (*See id.* at 3-4.) As the court previously found in the April 22 order, the KDOL's records relating to Mr. Hughes unemployment claim are relevant and discoverable. (Order (ECF No. 18).) These documents are

relevant and discoverable regardless of which party furnished them. The KDOL's suggested alternative process would be futile because it would not provide the parties with the relevant and discoverable documents. The court therefore declines to require that the parties to follow this process.

### 4. The KDOL may mark the UC records confidential under the protective order.

As Amarr notes, the KDOL's concerns about confidentiality are ameliorated by the protective order. Under the protective order, designated confidential information may be used or disclosed only "for purposes of prosecuting or defending this lawsuit, including any appeals." (Agreed Protective Order (ECF No. 12), at ¶ 6(a).) The protective order limits the persons to whom confidential information can be disclosed and requires that the parties "take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information." (*Id.* at ¶ 6(b)-(c).) The KDOL may mark the documents it produces "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

Accordingly,

**IT IS THEREFORE ORDERED** that that the Kansas Department of Labor's objection (ECF No. 25) to the court's April 22, 2019 order (ECF No. 18) is overruled. The KDOL shall produce all records pertaining to the unemployment claim filed by Plaintiff Van Hughes following the end of his employment with Amarr Company in November 2017 for inspection and copying by the attorneys of record on or before **June 24, 2019**. The KDOL may withhold from production only those responsive documents which may be of a deliberative or conciliatory nature or attorney work product of the KDOL's legal staff. If documents are withheld, the KDOL must provide the parties with a privilege log. The KDOL shall allow copies to be made at the expense of the party receiving the production.

**IT IS SO ORDERED.**

Dated June 17, 2019, at Topeka, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge